UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENEE BENSON, | § | CV. NO. 5:15-cv-202-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| THOMAS MILTON BENSON, JR. as | § | |
| Trustee of the SHIRLEY L. BENSON | § | |
| TESTAMENTARY TRUST, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is a Motion to Remand filed by Plaintiff Renee
Benson ("Plaintiff") (Dkt. # 12).  The Court held a hearing on the Motion on May
21, 2015.  At the hearing, Bennett L. Stahl and Harriet O'Neill, Esqs., appeared on
behalf of Plaintiff, and David J. Beck, Esq., appeared on behalf of Defendant
Thomas Milton Benson, Jr., as Trustee of the Shirley L. Benson Testamentary
Trust ("Defendant").  After careful consideration of the supporting and opposing
memoranda and the parties' arguments at the hearing, the Court, for the reasons
that follow, **GRANTS** Plaintiff's Motion to Remand.

BACKGROUND

On January 21, 2015, Plaintiff brought suit against Defendant, in his
capacity as trustee of the Shirley L. Benson Testamentary Trust, in the Probate

1

Court Number 2 of Bexar County, Texas.  ("Orig. Pet.," Dkt. # 1-3 at 1.)  The trust

was created by Shirley L. Benson's will and codicils, which transferred her

residuary estate into the testamentary trust.  (Id. ¶ 9.)  Plaintiff, a beneficiary of the

testamentary trust, seeks to remove Defendant as trustee pursuant to Texas

Property Code § 113.082, based on Defendant's alleged inability to fulfill his

fiduciary responsibilities to the trust.  (Id. ¶¶ 11, 14–18.)

        As part of her action to remove Defendant as trustee, Plaintiff sought

a temporary restraining order and a temporary injunction to suspend Defendant as

trustee, and requested that the probate court appoint a temporary receiver to

manage and conserve the trust's funds during the pending litigation.  (Id. ¶¶ 19–

23.)  The probate court granted Plaintiff's application for a temporary restraining

order on January 21, 2015.  (Dkt. # 1-3 at 24–28.)  On February 9, 2015, the

probate court granted Plaintiff's request to appoint a temporary receiver, assumed

exclusive jurisdiction over all trust assets, suspended Defendant as trustee, and

appointed Phil Hardberger and Arthur Bayern (collectively, the "Co-receivers") as

limited temporary co-receivers.  (Id. at 77–84.)  On February 18, 2015, the probate

court issued an amended order suspending Defendant as trustee and appointing the

Co-receivers to administer the testamentary trust as well as the Shirley L. Benson

estate.  (Id. at 99–105.)  Defendant filed a notice of appeal of the order on March 4,

2015 (Dkt. # 1-5 at 55), which is currently pending before the Fourth Court of Appeals in San Antonio, Texas.

Defendant filed its Answer to Plaintiff's Original Petition in probate court on February 20, 2015. (Dkt. # 1-5 at 17.) On March 2, 2015, the Co-receivers filed a Plea in Intervention seeking a declaration from the probate court regarding the ownership of certain shares of Bensco, Inc., which at the time of Shirley Benson's death were divided equally between Thomas Benson individually and Shirley Benson's estate. (Dkt. # 1-12 at 1–10.) The Plea in Intervention was brought against Thomas Benson in his individual capacity, and not in his capacity as trustee of the testamentary trust. (See id. at 3.)

Defendant filed his Notice of Removal in this Court on March 18, 2015. (Dkt. # 1.) Defendant invoked both diversity and federal question jurisdiction in support of his removal of the Co-receivers' Plea in Intervention (id. at 4–9), and diversity jurisdiction in support of his removal of Plaintiff's original action to remove Defendant as trustee (id. at 9–10). On March 24, 2015, Defendant filed a Motion to Dismiss the Co-receivers' Plea in Intervention. (Dkt. # 3.) On the same day, the Co-receivers filed an unopposed Motion to Dismiss Plea in Intervention without prejudice, which this Court granted on March 25, 2015. (Dkt. # 4.) Having granted the Co-receivers' Motion to Dismiss without prejudice, the Court denied Defendant's Motion to Dismiss as moot. (Id.)

Plaintiff filed the instant Motion to Remand on April 9, 2015.  (Dkt. # 12.)  Defendant filed a Response on April 15, 2015.  (Dkt. # 14.)  Plaintiff filed her Reply on April 29, 2015.  (Dkt. # 18.)  On May 5, 2015, the Co-receivers submitted four Motions for Authority to Pay certain sums owed by the trust to various organizations.  (Dkt. ## 19, 20, 21, & 22.)  Defendant filed a Response to the Motions on May 12, 2015.  (Dkt. # 23.)

<u>LEGAL STANDARD</u>

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); <u>Mumfrey v. CVS Pharmacy, Inc.</u>, 719 F.3d 392, 397 (5th Cir. 2013).  Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question.  <u>Halmekangas v. State Farm Fire & Cas. Co.</u>, 603 F.3d 290, 295 (5th Cir. 2010).  On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists.  <u>Shearer v. Sw. Serv. Life Ins. Co.</u>, 516 F.3d 276, 278 (5th Cir. 2008).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties—in other words, every plaintiff must be diverse from every defendant.  28 U.S.C. § 1332(a); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996); <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008).  Federal question jurisdiction exists only when a federal question is

4

presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

To determine whether jurisdiction is present, the court considers the claims in the state court petition as they existed at the time of removal.  Louisiana v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 637 (5th Cir. 2014) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Because removal jurisdiction implicates federalism concerns, all ambiguities must be construed in favor of remand.  Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (citing Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

DISCUSSION

Plaintiff argues that the Court must remand this case to the probate court on two independent bases: first, because Defendant's removal was untimely, and second, because the Court lacks jurisdiction under the probate exception to federal jurisdiction.  (Dkt. # 12 at 2, 4.)  Defendant argues that his removal was in fact timely based on the Co-receivers' intervening claims against Thomas Benson in his individual capacity, and alternatively, that his removal was timely under the revival exception to the statutory 30-day limit.  (Dkt. # 15 at 1, 7.)  Defendant further argues that the probate exception does not apply here because Shirley Benson's will was probated "over thirty years ago."  (Id. at 9–10.)  The Court will

first address the timeliness of the removal, and will then address whether federal

jurisdiction is barred by the probate exception.

I.      Timeliness of Removal

        A.      Removal Procedure Under 28 U.S.C. § 1446

                A defendant must file a notice of removal of a civil action or

proceeding within 30 days after receipt, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action is

based.  28 U.S.C. § 1446(b)(1).  In an action with multiple defendants, "[e]ach

defendant shall have 30 days after receipt by or service on that defendant of the

initial pleading or summons to file the notice of removal."  Id. § 1446(b)(2)(B).

Additionally, "[i]f defendants are served at different times, and a later-served

defendant files a notice of removal, any earlier-served defendant may consent to

the removal even though that earlier-served defendant did not previously initiate or

consent to removal."  Id. § 1446(b)(2)(C).  The untimely filing of a notice of

removal is a procedural defect which mandates remand of an action to state court.

Royal v. State Farm Fire & Cas. Co., 685 F.2d 124, 127 (5th Cir. 1982).

                Here, Defendant accepted service of Plaintiff's Original Petition on

January 29, 2015.  (Dkt. # 12-1, Ex. A at 2.)  Defendant did not file his notice of

removal until March 18, 2015, 48 days after receiving Plaintiff's initial pleading.

(Dkt. # 1.)  Defendant argues that his removal was nevertheless timely based on

the intervention of the Co-receivers, and the receipt of the Co-receiver's Plea in Intervention by Benson in his individual capacity, on March 2, 2015.

Section 1446(b)(3) provides for the removal of actions that were not removable based on the initial pleading but later become removable. Specifically, it provides that, except under certain circumstances not relevant here, "if the case stated by the initial pleading is not removable, a notice of removal within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant thus may remove an action more than 30 days after receipt of an initial pleading or summons if the case as stated by the initial pleading was not removable, but later becomes removable based on an "amended pleading, motion, order or other paper." Id.

Here, Defendant cannot rely on § 1446(b)(3) because this case was initially removable on the basis of diversity jurisdiction. As set forth in Defendant's Notice of Removal, the original action was filed by Plaintiff, a citizen of Texas, against Defendant, a citizen of Louisiana, with an amount in controversy greater than the $75,000 statutory minimum.[1] (Dkt. # 1 at 9–10.) Because

---

[1] In an action for declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252–53 (5th Cir. 1998).

7

§ 1446(b)(3) is conditioned on receipt of an initial pleading that does not state a removable case, Defendant cannot rely on it here.  Defendant's time for filing a notice of removal began running on January 29, 2015, the date Defendant accepted service of Plaintiff's initial pleading, and Defendant was required to file his notice of removal by March 2, 2015.  § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

The Court further notes that even if the case stated by Plaintiff's Original Petition was not removable, Defendant would still not be able to argue that his removal was timely on the basis of § 1446(b)(3).  The Fifth Circuit has repeatedly held that a case not removable as initially pled may become removable only through a voluntary act by the plaintiff.  See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) ("The Fifth Circuit has indicated that the 'other paper' conversion requires a voluntary act by the plaintiff." (emphasis in original)) (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961)); see also Weems v. Louis Dreyfus Corp., 380 F.2d 545, 548 (5th Cir. 1967) (holding that the enactment of § 1446(b), identical in relevant part to the current provision, did not affect the rule developed by prior case law that "a case nonremovable on the initial pleadings [can] become removable only pursuant to a

---

Here, the testamentary trust contains $4.7 million in cash, a substantial minority interest in Bensco, Inc., and a 97% ownership interest in Lone Star Capital Bank. (Dkt. # 1 at 10.)

voluntary act of the plaintiff"). The intervention of the Co-receivers was not a

voluntary act by Plaintiff, and thus cannot provide a basis for Defendant's removal.

Unable to rely on § 1446(b)(3), Defendant instead contends that

Benson, in his individual capacity, was a later-served defendant under

§ 1446(b)(2)(C). Defendant maintains that Benson, who is not named as a

defendant in Plaintiff's Original Petition, became a later-served defendant

following his receipt of the Co-receivers' Plea in Intervention, and thereafter had

30 days to file a notice of removal under § 1446(b)(2)(B). According to this

argument, after the Co-receivers' intervention against Benson in his individual

capacity, Benson, in his capacity as trustee, became an "earlier-served defendant"

that could consent to removal of the action by the later-served defendant under

§ 1446(b)(2)(C).[2]

---

[2] To explain the apparent oddity presented by the fact that the Co-receivers, who
brought their claims as intervening claims, brought their claims against a defendant
not a party to the suit in which they sought to intervene, the Court must note that
the Co-receivers' intervention was improper under Texas law, as Defendant argued
in his Motion to Dismiss the Co-receivers' Plea in Intervention (Dkt. # 4). Under
Texas Rule of Civil Procedure 60, a party with a justiciable interest in a pending
suit may intervene as a matter of right. In re Union Carbide Corp., 273 S.W.3d
152, 154 (Tex. 2008). "To constitute a justiciable interest, the intervenor's interest
must be such that if the original action had never been commenced," "the
intervenor could have brought the pending action, or any part thereof, in his own
name." Id. at 155 (internal quotation marks omitted). There is no question that the
Co-receivers, who were appointed by the probate court in the original action, could
not have brought the original action to remove Defendant as trustee if Plaintiff had
not brought her suit. The Co-receivers therefore had no justiciable interest in the
action, and their intervention was improper under Texas law.

Defendant's argument is misplaced.  Section 1446(b)(2)(B) provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."  § 1446(b)(2)(B) (emphasis added).  The initial pleading described in paragraph (1) is "the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  § 1446(b)(1).  Benson, in his individual capacity, never received Plaintiff's initial pleading, because Plaintiff's Original Petition named only Benson in his capacity as trustee, not Benson in his individual capacity, as a defendant.[3]  The only pleading received by Benson in his individual capacity was the Co-receivers' Petition in Intervention, not "the initial pleading setting forth the claim for relief upon which [Plaintiff's] action or proceeding is based"—that is, Plaintiff's Original Petition.  Benson, in his individual capacity, was not a party to Plaintiff's action, and thus had no power to remove it under § 1446(b)(2)(B).  See 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" (emphasis added)).  As a result, Defendant could not consent to the removal of the action by Benson in his individual capacity pursuant to § 1446(b)(2)(C).

_____

[3] As Defendant himself notes, "Plaintiff's original petition did not state any claims against Mr. Benson as an individual; in fact, it affirmatively stated that it was not seeking relief from him in his individual capacity."  (Dkt. # 15 at 5 (emphasis in original).)

Defendant is therefore unable to rely upon the removal of the action by Benson in his individual capacity to make the removal timely.[4]

Defendant argues that "the initial pleading or summons," with regard to Benson in his individual capacity, was the Co-receivers' Plea in Intervention, citing a district court opinion stating that "[u]nder Texas law, the addition of a new party commences a new action against that party."  (Dkt. # 12 at 4 (citing Felder v. Countrywide Home Loans, No. H-13-0282, 2013 WL 6805843, at *2 (S.D. Tex. Dec. 20, 2013)).)  The Court first notes that the quoted language was made in reference to the addition of a new party by the original plaintiff via an amended complaint, not the addition of a new party by an intervening plaintiff, as is the case here.  More importantly, the procedure for removal is governed by federal law.  Benson, in his individual capacity, is not a party to Plaintiff's original action, and therefore may not remove the action under § 1446.  See § 1441(a).  While Defendant is correct that each defendant has an opportunity to remove based upon the "triggering acts" applicable to that defendant regardless of how any other defendant previously responded, no triggering act occurred here—Benson, in his individual capacity, never received Plaintiff's initial pleading, and as discussed

---

[4] Defendant's argument that the Co-receivers' intervention created federal question jurisdiction fails for the same reason.  Regardless of whether the Co-receivers' claims depended on the resolution of a substantial federal question, they were not brought against Defendant, but against Benson in his individual capacity.  As a result, the intervening claims provided no basis for removal of Plaintiff's original action against Defendant by either Defendant or Benson in his individual capacity.

above, the Co-receivers' intervention does not provide a basis for removal under

§ 1446(b)(3).

Defendant further argues that Fifth Circuit precedent allows the

removal of third-party complaints by third-party defendants, and that the

Co-receivers' intervention was therefore a proper ground for removal.  (Dkt. # 12

at 5.)  While there is authority permitting removal by a third-party defendant in the

Fifth Circuit,[5] Benson in his individual capacity is not a third-party defendant.  A

third-party defendant is a party against whom claims are asserted by the original

defendant to the suit.  See Black's Law Dictionary 1708 (10th ed. 2014).  Here,

Benson in his individual capacity was not brought into the lawsuit by the original

defendant—Benson in his capacity as trustee—but instead by the Co-receivers as

intervening plaintiffs.  Defendant's argument that a third-party defendant may

remove a third-party complaint is thus inapplicable to the current action, and

Defendant provides no argument or authority for extending the Fifth Circuit's rule[6]

---

[5] See In re Crystal Power Co., Ltd., 641 F.3d 78, 81 n.14 (5th Cir. 2011) (distinguishing the case of an intervening plaintiff seeking removal based on a cross-claim, which is not permitted, from removal by a third-party defendant that has not voluntarily submitted itself to state jurisdiction, which the Fifth Circuit has found permissible in prior cases) (opinion withdrawn and superseded on rehearing on other grounds by In re Crystal Power Co., Ltd., 641 F.3d 82 (5th Cir. 2011)).

[6] The majority of courts have held that third-party defendants are not entitled to removal.  See BJB Co. v. Comp Air Leroi, 148 F. Supp. 2d 751, 752–53 (N.D. Tex. 2001) (finding that "district courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the

to a party made a defendant by intervention.  Defendant has thus failed to establish that his removal was timely under § 1446(b).

The Court will next consider Defendant's argument that his removal was nevertheless permitted under the judicially created revival exception.

B.   Revival Exception

"The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit."  Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000).  The exception is based on the rationale that "a willingness on the part of the defendant to remain in state court to litigate a particular claim should not be interpreted as a willingness to remain in state court to adjudicate an entirely different claim."  14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3731 (4th ed. 2008).

In deciding whether the revival exception applies, "the issue must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and . . . the proper allocation of

---

meaning of § 1441(a)" and citing cases); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3730 (4th ed. 2008) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court, although there is some authority to the contrary in the Fifth Circuit . . . .").

decision-making responsibilities between state and federal courts." Heublein, 227 F.3d at 242 (internal quotation marks omitted) (omission in original).  The purposes of the 30-day limitation are "to deprive the defendant of the undeserved tactical advantage of seeing how the case goes in state court before removing, and to prevent the delay and wastefulness of starting over in a second court after significant proceedings in the first." Id.

Here, Defendant argues that the Co-receivers' Plea in Intervention revived his right to remove the state court action.  (Dkt. # 15 at 7.)  Because Plaintiff's original action was brought to remove Defendant as trustee, Defendant argues that the Co-receivers' Plea in Intervention, which was brought against Benson in his individual capacity and sought a declaration as to the ownership of certain shares of Bensco, Inc., "transformed the case" into one that "bears no resemblance to Plaintiff's original proceeding." (Id. at 8.)

Defendant does not, however, explain why the revival exception, which applies when "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit," Heublein, 227 F.3d at 241 (emphasis added), should extend to an intervening claim.  District courts determining whether the revival exception applies have uniformly done so in the context of a plaintiff's amended petition or complaint. See, e.g., Vielma v. ACC Holding, Inc., No. EP-12-CV-501-KC, 2013 WL 3367494, at *8 (W.D. Tex.

14

Apr. 16, 2013) (amended petition); <u>STF No. 1001, L.P. v. Wright</u>, No. H-12-2136, 2012 WL 5384178, at *3 (S.D. Tex. Nov. 2, 2012) (amended petition); <u>Elliot v. City of Holly Springs</u>, No. 3:10-CV-01-GHD-JAD, 2010 WL 2505599, at *4 (N.D. Miss. June 14, 2010) (amended complaint); <u>Baby Oil, Inc. v. Cedyco Corp.</u>, 654 F. Supp. 2d 508, (E.D. La. 2009); (finding "no substantial amendment of the pleadings"); <u>Air Starter Components, Inc. v. Molina</u>, 442 F. Supp. 2d 374, 382 (S.D. Tex. 2006) (amended petition); <u>see also</u> <u>Spindletop Films, L.L.C. v. Wright</u>, 586 F. App'x 468, 468 (5th Cir. 2012) (non-precedential) (amended complaint).

   The Court finds no basis to extend the revival exception to an intervention by a third party, which does not otherwise provide a basis for removal, <u>see</u> <u>S.W.S. Erectors, Inc.</u>, 72 F.3d at 494, and would generally not so alter the character of the action as to "constitute essentially a new lawsuit," <u>see</u> Fed. R. Civ. P. 24 (allowing a party to intervene where "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" or where the movant "has a claim or defense that shares with the main action a common question of law or fact").[7]  The Court further finds that applying the revival exception here would be inconsistent with the purposes of the 30-day limit on removal, given that Defendant has already opposed and appealed the probate

---

[7] While it is true that the Co-receivers' intervening claims here were substantially different than Plaintiff's original action to remove Defendant as trustee, they were so substantially different as to be impermissible under Texas's law of intervention, as discussed above, as well as under Federal Rule of Civil Procedure 24.

court's grant of Plaintiff's motion to suspend Defendant as trustee and appoint a receiver and has also filed an answer to Plaintiff's suit in the probate court.  As a result, the revival exception does not allow Defendant's removal after the 30-day limit imposed by statute.

Because Defendant's removal was untimely, the Court is required to remand.  Royal, 685 F.2d at 127.  The Court will nevertheless proceed to discuss the probate exception as an additional, independent basis for remanding this action.

II.    Probate Exception

The probate exception is a judicially created doctrine "of distinctly limited scope."  Marshall v. Marshall, 547 U.S. 293, 299, 310 (2006).  As described by the Supreme Court in Marshall,

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311–12.  The probate exception does not preclude a federal court from "exercis[ing] its jurisdiction to adjudicate rights in . . . property [in the custody of a probate court] where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the rights adjudicated by the federal court."  Id. at 310 (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).

16

The Fifth Circuit has interpreted the Supreme Court's holding in Marshall to require a two-step inquiry "into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property." Curtis v. Brunsting, 704 F.3d 406, 409 (5th Cir. 2013). "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." Id.

Plaintiff's action does not seek to probate or administer the testamentary trust; Plaintiff rather seeks to remove Defendant as trustee of the testamentary trust created by Shirley Benson's will based on his alleged breach of fiduciary duty to the trust. There is no question, however, that the testamentary trust, along with the Shirley Benson estate, is in the custody of the probate court, which assumed exclusive jurisdiction over the estate and all trust assets in its order suspending Defendant as trustee and appointing the Co-receivers. (See Dkt. # 1-3 at 78–79.) Because a federal court "cannot exercise in rem jurisdiction over a res in the custody of another court," Curtis, 704 F.3d at 409, the Court must ask whether Plaintiff's claims would require it to assume in rem jurisdiction over the trust.

Removal of a case to federal court immediately strips the state court of its jurisdiction, and brings the case under the sole jurisdiction of the federal

17

court.  <u>See</u> 28 U.S.C. § 1446(d) (filing a notice of removal and giving written notice to adverse parties and the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); <u>Murray v. Ford Motor Co.</u>, 770 F.2d 461, 463 (5th Cir. 1985) (removal had been perfected prior to the state court's entry of an order, and the state court was thus without power to issue the order); <u>see also</u> 14C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3736.  Additionally, "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed."  <u>Nissho-Iwa Am. Corp. v. Klein</u>, 845 F.2d 1300, 1304 (5th Cir. 1988); <u>see also</u> 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

Because removal places sole jurisdiction of a pending state action in the federal court, Defendant's removal of Plaintiff's action to federal court immediately stripped the probate court of its custody of the testamentary trust and Shirley Benson estate.  This alone violates the probate exception's requirement that a federal court not interfere with a state court's possession of a res.  Additionally, if this Court were to accept jurisdiction of Plaintiff's case, it would have to assume custody of the trust pursuant to the probate court's preliminary injunction

18

suspending Defendant as trustee, assuming sole jurisdiction over trust assets, and appointing the Co-receivers.  The Court may neither administer an estate, which it would be required to do through the appointed Co-receivers, nor exercise in rem jurisdiction over a res in the custody of the state court.

Defendant argues that the probate exception does not apply here because Shirley Benson's will was probated over thirty years ago.  (Dkt. # 15 at 10.)  Defendant cites the Fifth Circuit's decision in Breaux v. Dilsaver, which stated that "[o]nce a will has been probated, the danger of federal interference is abated and an action by a legatee, heir, or other claimant against an executor becomes a suit between the parties that is a justiciable controversy within the scope of federal jurisdiction."  254 F.3d 533, 536 (5th Cir. 2001) (internal quotation marks omitted).  The Breaux decision was made with reference to the standard set out in the Supreme Court's decision in Markham v. Allen, which held that federal courts could take jurisdiction over actions related to probate matters "so long as the federal court does not interfere with the probate proceedings."  326 U.S. 490, 494 (1946).  The Supreme Court's decision in Marshall, recognizing that its opinion in Markham was "less than a model of clear statement," clarified the probate exception to prohibit federal courts from probating a will, administering an estate, and disposing of property in the custody of a state court.  547 U.S. at 310–312.

19

To the extent Defendant's quoted language in <u>Breaux</u> simply stands for the proposition that the probate court does not preclude a federal court from disposing of property that is no longer in the custody of the probate court, it remains good law.  Here, however, the trust and estate property is in the probate court's custody, and the Court therefore may not assume in rem jurisdiction over or otherwise dispose of the property.  Because removal would require the Court to both assume in rem jurisdiction over and administer the trust and estate property, the Court is barred from accepting jurisdiction of Plaintiff's action, and the probate exception thus provides a separate and independent mandatory basis for granting her Motion to Remand.

Because Defendant's removal was untimely, and because the Court is precluded from accepting jurisdiction under the probate exception, the Court **GRANTS** Plaintiff's Motion to Remand.[8]

III.   <u>Co-receivers' Motions for Authority</u>

Also pending before the Court are the Co-receivers' four motions for authority to pay certain sums owed by the trust to various organizations.  Because

---

[8]   The Court notes that able defense counsel have presented virtually every possible argument in support of retaining the Court's jurisdiction.  However, able advocacy cannot overcome the requirements of the law, which in this case compels remand.

the Court grants Plaintiff's Motion to Remand, the Court **DENIES AS MOOT** the

Co-receivers' pending motions.[9]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to

Remand (Dkt. # 12) and **DENIES AS MOOT** the Co-receivers' Motions for

Authority (Dkt. ## 19, 20, 21, & 22).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 9, 2015.

_____

David Alan Ezra
Senior United States Distict Judge

---

[9]   The Court also notes that such trust administration is precisely the sort of action
that federal courts are prohibited from taking under the probate exception.  The
matter can and should be taken up by the Probate Court to which this matter is
remanded.